IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 08-cv-02498-CMA

CHARLES E. KNIGHT,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (EAJA)**

---

This matter is before the Court on Plaintiff Charles E. Knight's Motion for Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. # 40.) For the following reasons, Plaintiff's Motion is granted in part and denied in part.

## I. BACKGROUND

The facts and procedural history of this case are set out at length in an October 5, 2009 Order ("October 5 Order"), in which the Court affirmed the December 11, 2007 decision of the Administrative Law Judge ("ALJ"). (Doc. # 28.) A brief summary of the facts is set forth below.

Plaintiff applied for Social Security disability benefits in June 2005, claiming a disability arising from depression, obsessive-compulsive disorder ("OCD"), personality

disorder, eczema, and reactive airway disease.  On December 11, 2007, the ALJ issued a decision denying benefits, which decision the Appeals Council affirmed.

On November 18, 2008, Plaintiff filed a civil action, seeking judicial review of the denial of disability benefits.  After briefing and a hearing, the Court, in its October 5 Order, affirmed the ALJ's non-disability determination.  (Doc. # 28.)  On October 6, 2009, the Clerk of Court entered judgment in Defendant's favor.  (Doc. #29.)  Plaintiff appealed to the Tenth Circuit, Doc. # 30, and on July 21, 2010, the Tenth Circuit reversed the Court's October 5 Order and directed the Court to remand the case to the Commissioner for further proceedings.  (Doc. # 38.)  On November 8, 2010, the Court remanded this case to the ALJ.  (Doc. # 41.)

On November 5, 2010, Plaintiff filed the instant Motion, seeking an enhanced fee award, pursuant to 28 U.S.C. § 2412(b), in the amount of $22,882.88, plus $466.61 in costs, as a result of the Commissioner's purported bad faith.  Alternatively, Plaintiff sought a fee award, pursuant to 28 U.S.C. § 2412(d)(1)(A), in the amount of $18,074.95, plus $466.61 in costs.  (Doc. # 40.)[1]  Defendant, Michael J. Astrue, the Commissioner of Social Security, responded on November 23, 2010.  (Doc. # 42.) Plaintiff replied on December 2, 2010.  (Doc. # 43.)  In the Reply, Plaintiff addressed some of Defendant's concerns regarding excessive fees and modified his enhanced fee

---

[1] In support of the Motion, Plaintiff's attorneys William T. Dawson and Alan M. Agee submitted billing and expense summaries and a Consumer Price Index table from the Bureau of Labor Statistics' web site.  (Doc. ## 40-1 through 40-4.)

request to $22,325.06, plus $466.61 in costs.  Alternatively, Plaintiff seeks a fee award in the amount of $17,634.33, plus $466.61 in costs.  (*Id.* at 7-8.)

## II.  PLAINTIFF'S EAJA FEE REQUEST

### A. WHETHER THE COMMISSIONER'S POSITION WAS SUBSTANTIALLY JUSTIFIED

Under the EAJA, a party prevailing against the United States, including a successful Social Security benefits claimant, may be awarded fees if the position of the United States was not "substantially justified" and there are no special circumstances that make an award of fees unjust.  28 U.S.C. § 2412(d)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  As stated by the Tenth Circuit, where, as in the instant case, a Social Security disability claimant obtains a remand to the Commissioner under 42 U.S.C. § 405(g), he is a prevailing party for EAJA purposes.  *Hackett v. Barnhart*, 475 F.3d 1155, 1168 (10th Cir. 2007).  Further, "[t]he Commissioner has the burden of demonstrating that his position was substantially justified, a test that, in [the Tenth Circuit], means his position was reasonable in law and in fact and thus can be justified to a degree that could satisfy a reasonable person.  Even though the Commissioner's position turns out to be incorrect, it can still be justified.  Both the Commissioner's prelitigation and litigation positions must have had reasonable bases in fact and law to be considered substantially justified." *Harrold v. Astrue*, 372 F. App'x 903, 904 (10th Cir. 2010) (internal citations and quotations omitted).  "The fact that a district court, such as here, has upheld an agency's decision does not establish that the agency's position

was substantially justified." *Estate of Smith v. O'Halloran*, 930 F.2d 1496, 1501 (10th Cir. 1991).

"The reasonableness test breaks down into three parts: the government must show that there is a reasonable basis for the facts alleged; that there exists a reasonable basis in law for the theory it propounds; and that the facts will reasonably support the legal theory advanced. [Courts] consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action [the plaintiff] commenced to obtain benefits." *Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) (internal quotations, citations, and modifications omitted). For the reasons discussed below, the Court finds that the ALJ's findings were not reasonable in light of the record before him. Therefore, the Court finds that an award of fees and costs under the EAJA is warranted.

In the instant case, the Tenth Circuit determined that reversal and remand was warranted due to the ALJ's consideration of treating source opinions. Specifically, the Tenth Circuit found that the ALJ failed to properly consider the opinions of Dr. Karen Campbell, a treating physician.[2] On several occasions spanning approximately six years, Dr. Campbell expressed a number of medical opinions concerning the severity of Plaintiff's depression. Her opinions were supported by various clinical tests that

---

[2] Although the Tenth Circuit determined that only one issue warranted reversal, the court also directed the ALJ to consider: (1) treatment records from Mr. Chris Estep, a treating mental health counselor, to which the Appeals Council failed to give specific consideration; and (2) whether Plaintiff has a personality disorder and, if so, whether it affects Plaintiff's ability to work. (Doc. # 38 at 10, 11.)

revealed moderate to severe levels of depression, which medication could not control. Dr. Campbell described Plaintiff's depression as "major/disabling."  Despite this evidence, the ALJ determined that Plaintiff had dysthymia, a less severe form of depression; however, the ALJ failed to discuss or even mention Dr. Campbell's opinions anywhere in his December 11, 2007 decision.

In defense of the ALJ's decision, the Commissioner pointed to a number of cryptic references to Dr. Campbell's medical records in the ALJ's decision and the ALJ's recognition of Plaintiff's noncompliance with treatment.  However, the Tenth Circuit deemed the cryptic references insufficient because they "simply refer to [Plaintiff] having been treated for a variety of conditions including depression and do not present an evaluation of Dr. Campbell's medical opinions."  (Doc. # 38 at 5.)[3]  Additionally, the Tenth Circuit faulted the ALJ's reliance on Plaintiff's noncompliance with treatment because "nothing ties the ALJ's cryptic references to [Plaintiff's] treatment and alleged noncompliance to any opinion expressed by Dr. Campbell."  (*Id.* at 6.)  Finally, the Tenth Circuit faulted the ALJ's failures to "be sufficiently specific to make clear to any subsequent reviewers the weight [he] gave to [Dr. Campbell's] medical opinion and the reasons for that weight," and to engage in the multi-step analysis required by the Social Security regulations.  (*Id.*) (quoting *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) and citing 20 C.F.R. § 416.927(d)(2)-(6)).

---

[3]  Page number citations refer to the numbering used by the Court's CM/ECF docketing system and not to the document's original numbering.

Pursuant to the Tenth Circuit's reversal, the ALJ's determination that Plaintiff had a less severe form of depression was not reasonable in light of his failure to discuss Dr. Campbell's unwavering opinions that Plaintiff suffered from severe depression that was not responding to medication. Further, although the ALJ generally represented that he reviewed the entire record, he failed to undertake a multi-step analysis of Dr. Campbell's opinions as required by the regulations. *See Hunter-Hendrix v. Astrue*, No. CIV-07-1416-C, 2010 WL 1450297, at *1 (W.D. Okla. Apr. 8, 2010) (unpublished) ("While [the Commissioner] may have advanced reasonable legal and factual theories in support of its decision, the underlying decision by the ALJ and Commissioner was unjustified . . . [T]he ALJ is required to evaluate every medical opinion record. This requirement is well established in the law."); *see also Zamora v. Astrue*, No. 05-cv-01761, 2009 WL 4506410, at *2 (D. Colo. Dec. 1, 2009) (unpublished) (awarding fees where the ALJ did not follow "long-established proper legal steps."). Accordingly, an award of fees and costs under the EAJA is warranted.

**B.     THE REASONABLENESS OF THE FEE REQUEST**

Having determined that Plaintiff is entitled to fees under the EAJA, the Court next considers the reasonableness of the fee request. As noted above, and as set forth in the Reply brief, Plaintiff seeks a fee award under two provisions of the EAJA. First, Plaintiff seeks an enhanced fee award in the amount of $22,325.06 pursuant to 28 U.S.C. § 2412(b), on grounds that "the Commissioner acted in bad faith when he did not follow long-established law regarding the evaluation of a treating physician's opinion."

6

(Doc. # 43 at 7.)  This sum is a 26.6 percent enhancement of the fees incurred at the EAJA hourly rate.  (*See* Doc. # 40-1 at 5.)  Alternatively, Plaintiff seeks a fee award in the amount of $17,634.33 pursuant to 28 U.S.C. § 2412(d), on grounds that the Commissioner's position was not substantially justified.  (Doc. # 43 at 2, 7-8.)  In either case, Plaintiff's request is for a total of 101.05 hours of time billed by two attorneys and, in addition to a fee award, Plaintiff seeks reimbursement of costs in the amount of $466.61.  Defendant asserts that Plaintiff's original fee request, as set forth in the opening brief, is excessive and complains about "nearly seven hours" of time spent by Plaintiff's counsel on telephone calls and in meetings with each other, "over nine hours" of time spent preparing and reviewing the EAJA motion, a quarter-of-an-hour of time for photocopying the Social Security hearing transcript at Office Depot, and two hours of travel time from Colorado Springs to appear at oral argument.  (Doc. # 42 at 9.)

      1.      <u>Bad Faith</u>

The EAJA, 28 U.S.C. § 2412(b) authorizes a district court to award fees to the prevailing party where the government acted in bad faith.  *See Fed. Trade Comm'n v. Freecom Communications, Inc.*, 401 F.3d 1192, 1196 (10th Cir. 2005).  "The Government acts in bad faith when its claim (1) is entirely without color *and* (2) has been asserted wantonly, for purposes of harassment or delay, or other improper reason."  *Id.* at 1196-97.  "Recovery of attorney fees under [§ 2412(b)] requires **far more egregious** conduct on the government's part than is required under § 2412(d).  In addition, [§ 2412(b)] exposes the government to liability for costs and fees above and

beyond the limit set in § 2412(d)." *Garcia v. Sullivan*, 781 F. Supp. 969, 974 (S.D.N.Y. 1991) (emphasis added).

In the instant case, although the Commissioner was not substantially justified in his position, the Court finds that his assessment of Plaintiff's disability claim and his defense of that decision was not taken for any improper or vexatious reason and was not so egregious as to warrant an award of fees for bad faith. Accordingly, Plaintiff's Motion for Attorney Fees and Expenses is denied to the extent it seeks a fee award pursuant to 28 U.S.C. § 2412(b).

    2.    <u>Reasonableness of Hours Billed and Hourly Rate</u>

When evaluating claims for attorneys' fees, the court must first determine the number of hours reasonably spent by counsel for the prevailing party. *Malloy v. Monahan*, 73 F.3d 1012, 1017 (10th Cir. 1996); *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983), *overruled on other grounds*, *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987). Factors considered in a reasonableness determination include (a) the hours that would be properly billed to one's client in accordance with good "billing judgment," (b) time spent on specific tasks, and (c) duplication of efforts. *Malloy*, 73 F.3d at 1017-18; *Ramos*, 713 F.2d at 553-54. In exercising good billing judgment, "counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The district court is obligated to exclude "hours not 'reasonably expended' from the calculation."

8

*Malloy*, 73 F.3d at 1018.  Although the Tenth Circuit does not require an automatic reduction in hours to adjust for multiple representation, district courts should give particular attention to the possibility of duplication.  *See Alpine Bank v. Hubbell*, No. 05-cv-00026, 2010 WL 1258002, at *4 (D. Colo. Mar. 24, 2010) (unpublished) (citing *DeGrado v. Jefferson Pilot Fin. Ins. Co.*, No. 02-cv-1533, 2009 WL 1973501, at *7 (D. Colo. July 6, 2009) (unpublished)).

Once the court has determined the number of hours reasonably spent, the court must then determine a reasonable hourly rate of compensation.  *Ramos*, 713 F.2d at 555.  "The party seeking the award has the burden of persuading the court that the hours expended and the rate sought are both reasonable."  *LaSelle v. Pub. Serv. Co. of Colo. Severance Pay Plan*, 988 F. Supp. 1348, 1351 (D. Colo. 1997); *Malloy*, 73 F.3d at 1018.

Having reviewed Plaintiff's attorneys' billing submissions, and Plaintiff's deletion of two-and-a-half hours for time spent copying a transcript and traveling to a hearing, the Court finds that Mr. Dawson, who had primary responsibility for preparing the various legal briefs and researching the legal issues, reasonably spent 86.1 hours appealing the Commissioner's denial of disability benefits in the federal district and appellate courts.  The Court also finds that Mr. Agee, who presented oral argument before the undersigned in support of Plaintiff's request for the Court's review of the Commissioner's decision, reasonably spent 14.95 hours on this matter.  Plaintiff's proposed fees are reasonably based on the statutory rate of $125 per hour, plus a cost

9

of living adjustment calculated pursuant to the Consumer Price Index. Additionally, the Court finds that Plaintiff's expenses are reasonable. Thus, the Court will grant Plaintiff's Motion for Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act in the amount of $17,634.33 (fees) and $466.61 (costs), as specified in his Reply brief. (Doc. # 43.)

Finally, although Plaintiff requests that a check in the amount of the award be made payable to Mr. Agee, "the clear language of the [EAJA] provides that attorney's fees are paid to the prevailing party, not the attorney." *Manning v. Astrue*, 510 F.3d 1246, 1254 (10th Cir. 2007). Plaintiff has submitted an affidavit in which he assigns any entitlement that he may have in a EAJA fee award, Doc. # 40-5, however, Plaintiff fails to cite to any legal authority that requires this Court to direct payment of the fee award to his attorney. Rather, the legal authority supports an award made payable to Plaintiff despite the assignment. *See Hall v. Astrue*, 272 F. App'x 701, 702 (10th Cir. 2008) (affirming award to claimant despite the claimant's assignment of his rights in fee award to counsel); *Brown v. Astrue*, 271 F. App'x 741, 743 (10th Cir. 2008) (same); *Winslow v. Astrue*, 269 F. App'x 838, 839 (10th Cir. 2008) (same). Moreover, "[t]he private contractual agreement between [the claimant] and his counsel is a collateral matter, which the district court [is] not required to address when considering the EAJA fees motion." *Hall*, 272 F. App'x at 702.

## III. CONCLUSION

Accordingly, IT IS ORDERED THAT:

(1) Plaintiff's Motion for Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act (Doc. # 40) is GRANTED IN PART to the extent it seeks an award under 28 U.S.C. § 2412(d)(1)(A) and DENIED IN PART to the extent it seeks an enhancement of the award under 28 U.S.C. § 2412(b) and payment of the award to Plaintiff's counsel; and

(2) Defendant shall pay $ $17,634.33 in fees and $466.61 in costs **to Plaintiff**.

DATED: September __19__, 2011

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge